IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES E. McCREARY, #06115**                                                    **PLAINTIFF**

**v.**                                                              **CIVIL NO.  1:19-cv-53-HSO-JCG**

**STATE OF MISSISSIPPI, et al.**                                              **DEFENDANTS**

ORDER DISMISSING PLAINTIFF'S COMPLAINT

Before the Court is Plaintiff James E. McCreary's pro se Complaint [1], which asserts claims that his constitutional rights have been violated and also advances claims under state law.  *See* Compl. [1]; Pl.'s Responses [10, 15, 22]; Pl.'s Am. Compl. [17].  McCreary's federal constitutional claims are brought pursuant to 42 U.S.C. § 1983.  *See* Compl. [1] at 1.

McCreary is a prisoner currently incarcerated with the Mississippi Department of Corrections ("MDOC") and housed at the Central Mississippi Correctional Facility ("CMCF"), in Pearl, Mississippi.  *See* Pl.'s Notice of Change of Address [23] at 1.  McCreary names as Defendants the State of Mississippi; Forrest County Circuit Court; Forrest County, Mississippi; Sherry Roberts; Marion Brown; Bill McGee; Robert Helfrich; Felicia Dunn Burke; Richard McKenzie; Glenn White; and Sara Jones-Gardner.  Pl's Comp. [1] at 1–2; Pl.'s Am. Compl. [17] at 3–4.  McCreary seeks an award of monetary damages as well injunctive and declaratory relief.  Pl's Compl. [1] at 4; Pl.'s Am. Compl. [17] at 1.

I.  BACKGROUND

McCreary's claims arise out of four distinct events.  The first was McCreary's state court conviction and sentence for a rape charge rendered on May 9, 1988, which was eventually reversed and remanded by the Mississippi Supreme Court. *See McCreary v. State*, 582 So. 2d 425, 426 (Miss. 1991); Pl.'s Resp. [10] at 3.  The second event was McCreary's subsequent state court conviction and sentence for an aggravated assault charge, which he received on September 5, 1991, and which has not been invalidated.  *See* Pl.'s Resp. [15] at 2.  The third event was McCreary's allegation that he was required to report as a sex offender from 1991 until 2002 even though he had not been convicted of a sex offense.  Pl.'s Supp. Resp. [22] at 1. Finally, McCreary raises claims relating to his hiring an attorney to represent him in the present lawsuit.  *Id.* at 2.

McCreary filed this Complaint on forms available for prisoners suing under 42 U.S.C. § 1983.  Compl. [1] at 1.  Even though McCreary states that he is seeking payment from Defendant State of Mississippi for being wrongfully convicted, *id.*, additional information was required to screen his Complaint.  Accordingly, McCreary was directed on March 28, 2019, to file a response on or before April 19, 2019, and provide additional information.  Order [9] at 1–3.

In his Response [10], McCreary alleges that Defendant Forrest County, Mississippi ("Forrest County"), has "created a policy or custom under which unconstitutional practices occurred."  Pl.'s Resp. [10] at 2.  McCreary claims his due

2

process rights were violated, and he also raises state-law claims, including a claim that he received a "wrongful conviction."[1]  *Id.*

McCreary asserts that on or about May 9, 1988, his criminal conviction for rape was reversed and remanded by the Mississippi Supreme Court.  *See McCreary*, 582 So. 2d at 426; Pl.'s Resp. [10] at 3.  He contends that he "never received a proper hearing after his [r]ape conviction was reversed and remanded," *id.*, and that "he was advised" "to 'say' the charge would be [a]ggravated [a]ssault in lieu of [r]ape," *id.*

McCreary filed a Motion [11] for Leave to File an Amended Complaint in this case on May 20, 2019, but was directed to file a response to clarify his Motion [11].  *See* Order [14].  According to McCreary's Response [15], Defendant Marion Brown ("Brown"), who was the Forrest County Circuit Clerk, filed "fake orders and documents."  Pl.'s Resp. [15-1] at 3.  McCreary argues that instead of retrying his rape charge, Defendant Glenn White ("White"), the District Attorney, made up "fake charges" which resulted in him being convicted of aggravated assault.  *Id.*  He indicates that Defendant Forrest County knew of the constitutional violations surrounding his rape charge, "and refused to act on such or try to prevent such violations."  *Id.*  McCreary maintains that his attorney, Defendant Robert Helfrich ("Helfrich"), conspired with the District Attorney and Judge to charge him with "a made up charge," *id.* at 1, and that Defendant Sheriff Bill McGee ("McGee") had

---

[1] Liberally construing his "wrongful conviction" claim, it appears that McCreary may be referring to Mississippi's Wrongful Conviction Act. *See* Miss. Code Ann. §§ 11-44-1 to -15 (1972).

3

him arrested on the charge which led to his rape conviction, which was later reversed and remanded, *id.* at 2. The Magistrate Judge ultimately granted McCreary's Motion [11] for Leave to Amend. Order [16].

The Amended Complaint [17] names the following as Defendants: Sherry Roberts, Officer with the Mississippi Sex Offender Registration Department, Forrest County Sheriff's Department; Marion Brown, Circuit Clerk for Forrest County; Bill McGee, Sheriff of Forrest County; Robert Helfrich, attorney for McCreary; Felicia Dunn Burke, attorney for McCreary; Richard McKenzie, Judge; Glenn White, Prosecuting Attorney; and Sara Jones-Gardner, victim. Pl.'s Am. Compl. [17] at 3–4. McCreary's Amended Complaint [17] invokes the Court's supplemental jurisdiction over his state law tort claims pursuant to 28 U.S.C. § 1367, and requests declaratory and injunctive relief. *See id.* at 1.

According to McCreary, at the time of his rape conviction and sentencing in 1988, Defendant Brown was the Circuit Clerk of Forrest County, Defendant McGee was the "supervising authority" who had McCreary arrested, Defendant Helfrich was McCreary's Attorney, Defendant White was the prosecuting attorney for the State, Defendant McKenzie was the presiding state court judge, and Defendant Jones-Gardner ("Jones-Gardner") was the "accuser." Pl.'s Resp. [15] at 1–4; Pl.'s Am. Compl. [17] at 3–4. The Amended Complaint [17] concedes that Defendant Jones-Gardner did not act under color of state law. Pl.'s Am. Compl. [17] at 4.

4

Because McCreary's Response [15] regarding his claims against Defendants Sherry Roberts ("Roberts") and Felicia Dunn Burke ("Burke") was unclear, he was again directed by the Magistrate Judge in an Order [20] to provide additional information. McCreary filed a Response [21] to this Order on December 13, 2019, and a Supplemental Response [22] on January 21, 2020. McCreary contends that he hired Defendant Burke to represent him in his case before this Court, but that she took all of his paperwork. Pl.'s Resp. [21] at 3. Defendant Burke "brought Plaintiff [a] $10,000 check for settlement which Plaintiff turned down." *Id*. McCreary asserts that he has requested that Defendant Burke return his paperwork to him, but his requests have been refused. *Id*. McCreary's Supplemental Response [22] states that Defendant Roberts unlawfully required him to register as a sex offender from September 5, 1991, until January 2002, and that she told McCreary that failure to register would result in him being incarcerated. Pl.'s Suppl. Resp. [22] at 1.

Liberally construed, McCreary's federal § 1983 claims challenge whether his state court convictions were constitutional, whether his counsel was effective during his criminal proceedings, and whether his due process rights were violated when he was required to register as a sex offender even though he was not convicted of a sex offense. *See* Pl.'s Resp. 10; Pl.'s Resp. [15]; Pl.'s Am. Compl. [17]; Pl.'s Resp. [21]; Pl.'s Supp. Resp. [22]. McCreary's state-law claims allege a violation of the Mississippi Wrongful Conviction Act, legal malpractice, false arrest, malicious

5

prosecution, conversion, libel, slander, intentional infliction of emotional distress, and breach of contract. *Id.*

## II. ANALYSIS

A.   The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915

McCreary is proceeding *in forma pauperis* in this case. The PLRA, also referred to as the *in forma pauperis* statute, mandates dismissal "at any time" if the Court determines an action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i–iii). Because McCreary is being permitted to proceed as a pauper, § 1915(e)(2) applies to this case. *See* Order [7] at 1.

McCreary's claims are based upon (1) his 1988 rape conviction, which was later reversed and remanded; (2) his 1991 aggravated assault conviction; (3) his requirement to report as a sex offender from 1991 to 2002; and (4) his hiring an attorney to represent him in this case. McCreary was convicted in 1988 of rape and was incarcerated from 1988 until 1991. *See* Pl.'s Resp. [15-1] at 1. In June 1991, McCreary's 1988 rape conviction was reversed and remanded by the Mississippi Supreme Court. *See McCreary*, 582 So. 2d at 426; Pl.'s Resp. [10] at 3. On remand, McCreary pled guilty in 1991 to the charge of aggravated assault, and was sentenced to five years imprisonment. Pl.'s Resp. [15] at 2; Pl's Resp. [15-1] at 1. According to MDOC'S website, McCreary is presently incarcerated for an unrelated conviction for

felony Driving Under the Influence (DUI).  *See* https://www.ms.gov/mdoc/inmate.
McCreary states that he is not challenging his current conviction of felony DUI.
*See* Pl.'s Resp. [10] at 4.

B.      McCreary's federal § 1983 claims

1.      McCreary's § 1983 claims relating to his 1988 rape conviction

McCreary's 1988 rape conviction was reversed and remanded by the Mississippi Supreme Court on June 26, 1991.  *See McCreary*, 582 So. 2d at 428. The Court found that McCreary's guilty plea was invalid stating that "[o]n the record and the pleadings, we cannot safely conclude that McCreary will be unable to show that his guilty plea was unknowing and involuntary." *Id*. at 427.  The Mississippi Supreme Court remanded the case "to the active docket of the Circuit Court of Forrest County for proceedings not inconsistent with this opinion." *Id*. at 428.  McCreary alleges that he "never received a proper hearing [by the state trial court] after his rape conviction was reversed and remanded." Pl.'s Resp. [10] at 3.

"A district court 'may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).  Since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period.  *See Owens v. Okure*, 488 U.S. 235, 240

7

(1989). The applicable Mississippi statute of limitations period is three years. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases); *see also* Miss. Code Ann. § 15-1-49 (1972).

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). An action accrues when a plaintiff has "a complete and present cause of action." *Id.*

Based on the information provided by McCreary, he was aware that he was being falsely detained prior to his conviction in 1988, and at the latest on June 8, 1991, when his conviction was reversed, but he did not file this case until February 19, 2019, long after the three-year statute of limitations to pursue a § 1983 action had expired. McCreary's § 1983 claims relating to his 1988 rape conviction are time-barred and should be dismissed as legally frivolous under § 1915. *See Brown v. Pool,* 79 F. App'x 15, 16 (5th Cir. 2003) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)) (affirming a dismissal of a prisoner § 1983 case as frivolous because it was barred by statute of limitations).

2.   <u>McCreary's § 1983 claims relating to his 1991 aggravated assault conviction</u>

McCreary asserts that he received a five-year sentence for aggravated assault after entering an involuntary guilty plea, *see* Pl's Resp. [10] at 3; Pl.'s Resp. [15] at 2, which has not been invalidated, *see* Pl.'s Resp. [10] at 3. In *Heck v. Humphrey*, 512 U.S. 477 (1994), "the Supreme Court held that if a plaintiff's civil rights claim of

8

damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912, F. 3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486–87). *Heck* applies with equal force to claims for declaratory judgment or injunctive relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that in addition to claims for damages, *Heck* applies to claims for declaratory relief and injunctive relief).

"*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (internal quotation marks omitted). "This requirement or limitation has become known as the 'favorable termination rule.'" *Id.* (quoting *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999)).

Because success on McCreary's claims related to his aggravated assault conviction and sentence would call into question the validity of that conviction and sentence, and because McCreary has not established that this conviction and sentence have met the favorable-termination rule of *Heck*, *see* Pl.'s Resp. [15] at 2, he cannot maintain these claims against any Defendant in this case. They are legally frivolous and must be dismissed with prejudice "until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

3.  McCreary's § 1983 claims against Defendant Sherry Roberts
    relating to being required to register as a sex offender

McCreary's rape conviction was invalidated on May 9, 1988, *see McCreary*, 582 So. 2d at 426, and he pled guilty to an aggravated assault charge on September 5, 1991, *see* Pl.'s Resp. [15] at 2. McCreary was not required to register as a sex offender. *See* Pl.'s Response [21] at 1-2. Nevertheless, he claims that Defendant Roberts required him to register as a sex offender, violating his constitutional rights. Pl.'s Resp. [21] at 1; *see Meza v. Livingston*, 607 F.3d 392, 395 (5th Cir. 2010) (holding "that sex offender conditions may only be imposed on individuals not convicted of a sex offense after the individual has received due process") (citing *Coleman v. Dretke*, 395 F. 3d 216, 222 (5th Cir. 2004), *reh'g and en banc denied*, 409 F.3d 665, 670 (5th Cir. 2005)). Assuming that McCreary might have had an arguable claim against Defendant Roberts, it is nevertheless untimely.

As previously discussed, a statute of limitations defense may be raised sua sponte by the district court and the dismissal of claims clearly barred by the statute of limitation is proper. *Stanley*, 464 F.3d at 568. McCreary had three years to file his § 1983 claims against Defendant Roberts. *See Owens*, 488 U.S. at 240; *see also James*, 909 F.2d at 836. Based upon the information submitted by McCreary, he was aware on September 5, 1991, that he was no longer convicted of rape, but he did not file this case until February 19, 2019, long after the three-year statute of limitations to pursue a § 1983 action against Defendant Roberts had expired.

10

McCreary's § 1983 claims against Defendant Roberts are time-barred and should be dismissed as legally frivolous under § 1915.  *See Brown*, 79 F. App'x at 16.

4. <u>McCreary's § 1983 claims relating to Defendant Felicia Dunn Burke being retained to represent him</u>

McCreary maintains that he retained Defendant Burke to represent him in this civil case.  Pl.'s Supp. Resp. [22] at 2.  The fact that Defendant Burke was retained by McCreary to represent him in this case does not establish that she was acting "under color of state law."  *Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003) (holding that private attorney is not a state actor when her "actions[are] taken as a private attorney only") (citing *Polk County,* 454 U.S. at 324–25); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).   Any deprivation McCreary allegedly suffered as a result of Defendant Burke's representation did not occur "under color of state law," and his § 1983 claims against Defendant Burke are not cognizable.  McCreary's § 1983 claims against Defendant Burke should be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See, e.g., Ward v. Agnew*, No. 03-61087, 2004 WL 839587, at *1 (5th Cir. Apr. 20, 2004) (affirmed frivolous dismissal of § 1983 case against private citizen not acting under color of state law).

C. <u>McCreary's state-law claims</u>

McCreary has invoked the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 in pursuing the state-law claims alleged in the Amended Complaint.  *See* Pl.'s Am. Compl. [17] at 3.  A district court may decline to exercise

11

supplemental jurisdiction over state-law claims when "all claims over which [the district court] has original jurisdiction" have been dismissed. *See* 28 U.S.C. § 1367(c)(3). This is particularly true where, as here, the proceedings are at an early stage. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (stating that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction").

Because McCreary's federal claims filed pursuant to § 1983 will be dismissed and this case is still in its infancy, the Court will decline to exercise supplemental jurisdiction over McCreary's pendent state-law claims, and they will be dismissed without prejudice to his right to refile them in state court.

### III. CONCLUSION

McCreary's federal § 1983 claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Brown,* 79 F. App'x at 16 (affirming dismissal of a § 1983 case as frivolous because it was barred by statute of limitations); *see also Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are legally frivolous); *Ward,* 2004 WL 839587, at *1 (affirming frivolous dismissal of a § 1983 case against private citizen not acting under color of state law). The Court declines to exercise supplemental jurisdiction over McCreary's state-law claims, and these will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff James E. McCreary's 42 U.S.C. § 1983 claims alleged in this case are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court declines to exercise supplemental jurisdiction over Plaintiff James E. McCreary's state-law claims and Plaintiff James E. McCreary's state-law claims are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 10th day of July, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE